JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kimberly Walsh

**(b)** County of Residence of First Listed Plaintiff: Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael A. Cancelliere, Jr. Nass Cancelliere, 1500 JFK Blvd., Ste. 404., Phil., PA 19102. 215-546-8200

## DEFENDANTS

CDK Global, Inc., Peter Orecchia, Thomas Craft, Barbara McKinnon

County of Residence of First Listed Defendant: Hoffman Estate, IL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Over $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 9/10/26 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Philadelphia, PA and Marlton, NJ

*RELATED CASE IF ANY:* Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

A. ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:__________

B. ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:__________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Kimberly Walsh<br>2 Yorkshire Court<br>Marlton, NJ 08053 | : | CIVIL ACTION |
| v. | : | JURY TRIAL DEMANDED |
| CDK Global, Inc.<br>1950 Hassell Road<br>Hoffman Estate, IL 60169<br>and<br>Peter Orecchia<br>CDK Global, Inc.<br>1950 Hassell Road<br>Hoffman Estate, IL 60169<br>and<br>Thomas Craft<br>CDK Global, Inc.<br>1950 Hassell Road<br>Hoffman Estate, IL 60169<br>and<br>Barbara McKinnon<br>CDK Global, Inc.<br>1950 Hassell Road<br>Hoffman Estate, IL 60169 | : | CASE NO: |

**CIVIL ACTION - COMPLAINT**

1. Plaintiff, Kimberly Walsh, is a citizen and resident of the State of New Jersey.

2. At all times relevant hereto, Plaintiff was employed by the Defendant, CDK Global, Inc. (hereinafter "CDK").

3. Defendant, CDK is a corporation regularly conducting business in the Commonwealth of Pennsylvania, the Eastern District of Pennsylvania and having a principal place located the 1950 Hassell Road, Hoffman Estates, Illinois.

4. At all times material hereto, Defendant CDK permitted its employees, including Plaintiff, Kimberly Walsh, to do their work and perform their duties remotely, in their residence and throughout the country, including in Pennsylvania.

5. At all times material hereto, Defendant, Peter Orecchia, (hereinafter "Orecchia"), was a duly authorized agent, servant and/or employee of Defendant, CDK acting on CDK's business and in the scope and course of his employment.

6. At all times material hereto, Defendant, Thomas Craft, (hereinafter "Craft"), was a duly authorized agent, servant and/or employee of Defendant, CDK acting on CDK's business and in the scope and course of his employment.

7. At all times material hereto, Defendant, Barbara McKinnon, (hereinafter "McKinnon"), was a duly authorized agent, servant and/or employee of Defendant, CDK acting on CDK's business and in the scope and course of her employment.

**JURISDICTION AND VENUE**

8. Jurisdiction is based on Title VII of the Civil Rights Act 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

9. Venue is proper as Plaintiff filed her administrative claim with the United States Equal Employment Opportunity Commission in this district.

10. Venue is proper as some of Defendants' illegal actions took place in this district.

## ADMINISTRATIVE PROCEEDINGS

11. Plaintiff initially contacted the EEOC office in Philadelphia, PA on or about November 17, 2025.

12. Plaintiff filed a formal charge of discrimination with the EEOC in Philadelphia, PA on or about June 3, 2026.

13. Plaintiff's charge was dual filed with the New Jersey Division on Civil Rights on or about June 3, 2026.

14. The EEOC issued a Right to Sue Letter on June 12, 2026.

## FACTS

15. Plaintiff is a member of two protected classes: female and lesbian.

16. Plaintiff began employment with the Defendant, CDK, on or about April 1, 2024 as an Account Development Executive.

17. Plaintiff was permitted by Defendant to perform her work duties remotely and/or throughout the country including in Pennsylvania and New Jersey.

18. At all times material hereto, Defendant Orecchia was Plaintiff's supervisor.

19. At all times material hereto, Defendant, Craft, was Defendant Orecchia's supervisor.

20. At times material hereto, Defendant McKinnon was Defendant CDK's Human Resources Representative.

21. Shortly after Plaintiff was hired by Defendant, CDK, and continuing throughout Plaintiff's employment, Defendant Orecchia subjected Plaintiff to a series of actions of unwanted sexual advancements, harassment, adverse treatment, disparate treatment and/or discrimination against Plaintiff including but not limited to:

a. unwanted touching;

b. sexually suggestive comments, innuendo and inappropriate comments;

c. inappropriate inquiries and questions regarding Plaintiff's sexual activity, preferences and/or marital status;

d. requiring Plaintiff to work alone with him at a hotel when Defendant knew it made Plaintiff stressful and uncomfortable; and

e. made inappropriate remarks to Plaintiff about adult toy shops.

22. The aforesaid actions of Defendant Orecchia caused Plaintiff undue stress and anxiety and created a hostile work environment for Plaintiff.

23. On or about November 14, 2024, Plaintiff reported the aforesaid actions and conduct of Defendant Orecchia to Defendant Craft and/or Defendant McKinnon.

24. Despite Plaintiff's reports and complaints, Plaintiff was required to continue working directly with Defendant Orecchia, including travelling with him for Defendant's business to various states, including Pennsylvania.

25. Despite Plaintiff's reports and complaints, Defendant Orecchia aforesaid actions continued.

26. Plaintiff believes and therefore avers that two (2) other female employees also reported similar behavior and actions towards them by Defendant Orecchia.

27. Plaintiff believes and therefore avers that an inadequate investigation and/or no investigation was conducted by Defendants Craft and/or McKinnon into her complaints against Defendant Orecchia.

28. Plaintiff believes and therefore avers that Defendants Craft and/or McKinnon did not interview any witnesses regarding Plaintiff's complaints against Defendant, Orecchia.

29. Plaintiff was never advised by Defendant Craft and /or McKinnon the results of any investigation.

30. On or about April of 2025, Plaintiff as well as the other two (2) complaining female employees were assigned to a different supervisor.

31. Up until Plaintiff's reporting of Defendant Orecchia, her performance was never criticized.

32. Prior to 2025, Plaintiff had never been placed on a Performance Improvement Plan (PIP).

33. After Plaintiff reported Defendant Orecchia, Defendant clearly began to criticize and scrutinize Plaintiff's work much more than before.

34. Defendant Orecchia began to noticeably put more pressure on Plaintiff than he did on other similarly situated female employees.

35. On or about July 14, 2025, Plaintiff was placed on a PIP.

36. Despite Plaintiff's complaints about Defendant Orecchia and reports made to Defendants Craft and McKinnon, Plaintiff was required to attend a two-day training session in November 2025 along with Defendant Orecchia.

37. This requirement caused Plaintiff significant anxiety and stress.

38. On November 11, 2025, Plaintiff's employment was terminated by Defendant.

39. Plaintiff believes and therefore avers that she was placed on a PIP in retaliation for her complaints against Defendant Orecchia.

40. Plaintiff believes and therefore avers that she was terminated in retaliation for her filing complaints against Defendant Orecchia.

41. Defendants CDK, Craft and/or McKinnon failed to properly investigate Plaintiff's complaints of harassment and discrimination.

42. At all times material hereto, Plaintiff avers that she proved her industriousness and her capacity and her ability to perform all job tasks to which she was assigned by Defendant which were reasonable and within her expertise.

43. As of her last day of employment with Defendant, Plaintiff was earning in excess of $75,000.00.

44. Plaintiff believes and therefore avers that the Defendant and its employees pursued a policy and engaged in a pattern and practice of harassment with respect to Plaintiff due to Plaintiff's sex (female) and sexual orientation (lesbian).

45. Plaintiff was discriminatorily harassed, mistreated and discharged by Defendant because of her sex and sexual orientation in violation of Title Civil of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.*

46. Defendant's mistreatment of Plaintiff and discharge of Plaintiff were willful and fraudulent breaches of is employment agreement, contract and/or policy to act non-discriminatorily and at all times in accordance with Title VII which induced Plaintiff and upon which Plaintiff relied in accepting CDK's employment.

47. Plaintiff has satisfied the procedural and administrative requirements set forth in 29 U.S.C.A. § 626.

48. As a direct result of Defendant's aforesaid actions, Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and damages.

WHEREFORE, Plaintiff hereby demands a trial by jury and prays for the following legal and equitable remedies:

a. The Defendants be required to compensate Plaintiff for the full volume of wages and benefits that Plaintiff would have received had it not been for Defendant's unlawful treatment of the Plaintiff, with interest thereon;

b. That Defendants be ordered to pay all damages and remedies to which Plaintiff is entitled under Title VII of the Civil Rights Act of 1964, as amended;

c. That Defendants be ordered to pay all damages and remedies, compensatory damages for Plaintiff's pain, suffering, mental anguish, loss of life's pleasures and other non-pecuniary losses;

d. That Defendants be enjoined from discriminating against Plaintiff in any manner that violates Title VI;

e. That Plaintiff be awarded against the Defendants the costs and expenses of this litigation and reasonable attorney's fees; and

f. That the Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

NASS CANCELLIERE

BY: ______________________

MICHAEL A. CANCELLIERE, JR.
I.D. No. 56989
1500 JFK Boulevard, Suite 404
Philadelphia, PA 19102
(215) 546-8200
Attorney for Plaintiff

Dated: 9/10/26